**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Antjuan To'Bias Greene, ) | |
| ) | Civil Action No.: 4:15-cv-00392-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **AMENDED ORDER AND OPINION** |
| ) | |
| Officer White, SCDC Transportation Bus ) | |
| Driver; Larry Cartledge, Warden of Perry ) | |
| Correctional Institution (PCI); Ted Riley, ) | |
| Warden Tyger River Correctional Institution ) | |
| (TRCI); James Parrish, Major at TRCI; ) | |
| Cathy Duncan, Captain at TRCI; ) | |
| Lt. Webber, Contraband at TRCI; ) | |
| Dr. Lewis, PCI Physician; and Amy Enloe, ) | |
| PCI Nurse Supervisor, each sued individually) | |
| and/or in their official capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Antjuan Greene ("Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. (ECF No. 1). Specifically, Plaintiff asserts that on July 25, 2013, he and ten other inmates were being transported back from a medical run at Kirkland Correctional Institution where Plaintiff had a scheduled medical visit. (ECF No. 1 at 4). Plaintiff asserts that during transport, Officer White, the driver of the South Carolina Department of Corrections ("SCDC") vehicle, rear-ended the vehicle in front of him. (*Id.*) Plaintiff asserts that after the accident, he and other inmates were transferred to a Tyger River Correctional Institution (TRCI) transportation van and transported to TRCI. (*Id.* at 5). Plaintiff further asserts that upon his entry into TRCI, he and other inmates were subjected to a group strip search before receiving medical treatment. (*Id.*) Plaintiff alleges that he injured his neck during the accident and that medical staff failed to render proper medical treatment. (*Id.* at

1

6-7). Plaintiff asserts that he was not seen by medical staff at his assigned institution—Perry Correctional Institution (PCI)—until July 29, 2013. (*Id.* at 7). Even after being examined by medical staff at PCI, Plaintiff contends that he did not receive proper medical treatment for his neck injury until May of 2014 when he had a follow-up appointment with a doctor about a previous injury to his wrist. (*Id.*) Plaintiff alleges that Defendants were negligent, exhibited deliberate indifference towards his medical needs, and violated the Eighth and Fourteenth Amendments. (ECF No. 1 at 8). Plaintiff requests $60,000.00 in compensatory damages for his pain and suffering, physical injury, and emotional distress. (*Id.*) He additionally requests that this court order SCDC to cover all medical expenses he has incurred, and might incur in the future, as a result of this accident. (*Id.*)

On October 14, 2015, Defendants filed a Motion for Summary Judgment. (ECF No. 40). The court entered an order pursuant *to Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedures and the time period for filing a response. (ECF No. 41). Subsequently, Plaintiff filed a response to the Motion for Summary Judgment on November 9, 2015. (ECF No. 44). Defendants filed a reply to Petitioner's Response on November 10, 2015. (ECF No. 45). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for a Report and Recommendation. On February 29, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Defendants' Motion for Summary Judgment and dismiss the complaint. (ECF No. 46.) The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a recitation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this

court.  *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions.  *See* 28 U.S.C. § 636 (b)(1).

Plaintiff was advised of his right to file objections to the Report (ECF No. 46-1).  However, Plaintiff did not file any objections to the Report.  In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Therefore, after a thorough review of the Report of the Magistrate Judge, the court finds the Report provides an accurate summary of the facts and the law in this matter.  Accordingly, the court **ADOPTS** the Report of the Magistrate Judge (ECF No. 46).  It is therefore ordered that Defendants' Motion for Summary Judgment (ECF No. 40) is **GRANTED** and the complaint (ECF No. 1) is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

May 3, 2016
Columbia, South Carolina

4